**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Arin C. Heinz**
Assistant U.S. Attorney
Arin.heinz@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 17, 2026

Mr. Donovan Dunnion
Attorney at Law
District of Oregon
600 W. Broadway, Suite 700
San Diego, California 92101

3:26-CR-77-AN

Re: *United States v. Vincente Cortes Quiroz,* Case No. 3:25-MJ-00233-1
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the Information, which charges Trafficking in Firearms, in violation of Title 18, United States Code, Section 933(a)(2).

3. **Penalties**: The maximum sentence for Count 1 is 15 years of imprisonment, a fine of $250,000, and up to three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

4. **Immigration:** Defendant understands that if the defendant is not a citizen of the United States, defendant's guilty plea and conviction makes him subject to removal or deportation from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this, and defendant still wants to plead guilty.

5. **Dismissal/No Prosecution**: There are no additional counts against the defendant. The

USAO agrees not to bring additional charges against the defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, a violation of Title 18, United States Code, Section 933(a)(2), the government must prove the following elements beyond a reasonable doubt:

First, that the defendant knowingly received a firearm from another person;

Second, that the receipt of the firearm was in or otherwise affecting interstate commerce;

Third, that the defendant knew or had reasonable cause to believe that the receipt would constitute a felony.

7. **Factual Basis:** Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

In March 2025, the ATF agents did an inspection at a firearms dealer in Beaverton, Oregon. In reviewing the business records, the agents determined that the defendant purchased over 70 firearms from the dealer beginning in May 2023 until March 2025. On the forms that the defendant filled out to purchase the firearms, he indicated he was a U.S. citizen, but he is not. In total, agents determined that the defendant began purchasing firearms in 2014 and has purchased over 125 firearms. On August 19, 2025, agents later executed a search warrant at the defendant's residence and recovered over 70 firearms of various make and models. The defendant, in purchasing the firearms, thereby received them from another person and the firearms he received travelled in or affected interstate commerce. The defendant's residence is in the District of Oregon and all of the activities above occurred in the District of Oregon.

8. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).

9. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2K2.1(a)(6) is a **base offense level of 14** because defendant was convicted under 18 U.S.C. § 933(a)(2). The parties further agree a **six-level enhancement** applies because of the number of firearms defendant possessed pursuant to USSG §2K2.1(b)(1). The parties also agree a **two-level enhancement** applies because defendant was convicted under U.S.C. § 933 pursuant to USSG §2K2.1(b)(6). The parties have no agreement as to whether the **six-level reduction**

applies pursuant to USSG §2K2.1(b)(2) and agree the Court will determine the applicability of this guideline provision at sentencing.

10. **Acceptance of Responsibility**: The parties agree that the defendant promptly accepted responsibility and noticed his intent to plead guilty to the government. Accordingly, the government will agree to recommend a three-level reduction in defendant's offense level for acceptance of responsibility under USSG § 3E1.1. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

11. **No Zero Point Offender**: The parties agree defendant does not qualify for the zero-point offender adjustment under USSG § 4C1.2.

12. **Additional Departures, Adjustments, or Variances**: In recognition of the defendant's early notice of intent to plead to the government prior to the first trial setting, the government will agree to recommend a **three-level downward variance** pursuant to 18 U.S.C. § 3553(a).

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. If defendant seeks any additional any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, defendant shall inform the USAO of the basis, and factual support for further reductions two weeks prior to sentencing.

13. **Sentencing Recommendation**: The USAO will recommend the low-end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above. The government will also recommend a three-year term of supervised release. The defendant is free to argue for any lawful sentence.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as

provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18. **Forfeiture Terms:**

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. §§ 934(a)(1) and 924(d), including all items listed in the Bill of Particulars filed in this case, consisting of but not limited to:

- all firearms and ammunition seized from defendant and currently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives;
- a Chevrolet Camaro with VIN number: 1G1FB1RX5K0156928; and
- a Ford truck with VIN number: 1FDWE3FSXKDC15771,

which defendant admits is property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations, is any firearm or ammunition involved in or used in a knowing violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of criminal activity in violation of 18 U.S.C. Section 933, as set forth in Count 1 of the Information.

B. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

C. **Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to locate, seize, and pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are brought into federal custody and not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

D. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20. **Deadline**: This plea offer expires if not accepted by **March 20, 2026, at 5 p.m.** Acceptance can be accomplished by counsel for defendant: (a) notifying the undersigned Assistant United States Attorney by email that defendant has accepted this agreement; and (b) notifying the Court by email that the parties want to schedule a change-of-plea hearing.

///
///
///
///
///
///

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3/12/26
Date

Vicente Cortes
Vincente Cortes Quiroz
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/17/26
Date

Donovan Dunnion
Attorney for Defendant