SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**ARIN C. HEINZ, MIB #P80252**
Arin.heinz@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-CR-00077-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **VINCENTE CORTES QUIROZ,** | |
| **Defendant.** | |

## I. INTRODUCTION

Defendant's history and characteristics, the nature and circumstances of the offense, and the need to promote deterrence and respect for the law calls for a sentence of 21 months in custody, with three years of supervised release to follow. 18 U.S.C. §3553(a).

## II. FACTUAL BACKGROUND

1. During an ATF inspection of a firearms dealer, the ATF identified that the Defendant purchased at least 76 firearms from the same dealer. PSR ¶ 16. Through the course of their investigation, the ATF determined that the Defendant purchased a total of 124 firearms in Oregon since October 2014; 98 of the firearms were purchased between November 3, 2020, and June 26, 2025. PSR ¶ 19. The Defendant was also linked to the purchase of a Colt .45 caliber 1911 pistol that was later recovered in a separate law enforcement investigation. PSR ¶ 17.

2. The Defendant is a recipient of the Deferred Action for Childhood Arrivals (DACA) immigration status. PSR ¶ 18. As such, Defendant cannot lawfully receive, transport, ship or possess firearms for ammunition pursuant to 18 U.S.C. Section 922(g)(5). *Id*.

3. Agents also determined that on the ATF 4473 purchase forms that the Defendant completed to purchase multiple firearms he falsely indicated that he was a United States citizen at the time of purchase. PSR ¶ 20.

4. On August 19, 2025, ATF agents executed a search warrant at the Defendant's residence and vehicle. Inside the Defendant's vehicle, agents located a loaded Colt Mark 4 .380 caliber pistol in the rear pocket of the front passenger seat. PSR ¶ 21. Inside the Defendant's residence, agents seized over 70 firearms enumerated in the Bill of Particulars. ECF 32. This included a loaded Nighthawk Custom 9mm pistol in the Defendant's nightstand drawer. PSR ¶ 21.

5. The Honorable Youlee Yim You, signed a criminal complaint (3:25-MJ-00233) on August 20, 2025, charging the Defendant with violations of 18 U.S.C. Section 922(g)(5) (Possessing a Firearm by an Alien) and 18 U.S.C. Section 922(a)(6) (False Statement During a Firearm Purchase). On May 13, 2026, the Defendant pled guilty to a one-count Information charging him with a violation of 18 U.S.C. Section 933(a)(2) (Trafficking in Firearms), after waiving his right to an indictment. Dkt. 34-35.

## III. GUIDELINE CALCULATIONS

The presentence report correctly calculates Defendant's base offense level as 14 pursuant to USSG §2K2.1(a)(6)(B). PSR ¶ 28. Additionally, the PSR finds that a 6-level enhancement applies because of the number of firearms the Defendant possessed pursuant to USSG §2K2.1(b)(1) and a 2-level enhancement applies because of the offense of conviction. PSR ¶¶

29-31. Further, over Defense counsel objection the PSR does not apply a 6-level reduction pursuant to USSG §2K2.1(b)(2), finding the firearms were not possessed solely for lawful sporting purposes or collection. PSR ¶30.[1] Finally, the PSR recommends a 3-level reduction for acceptance of responsibility. PSR ¶¶ 37-38. This results in a total adjusted offense level of 19.

The PSR correctly calculates Defendant's criminal history score as 0, resulting in a criminal history category of I and guideline range of 30-37 months. PSR ¶ 65.

However, pursuant to the terms of the plea, the Government is also recommending an additional 3-level downward variance for early resolution and based on the 18 U.S.C. § 3553(a) factors. This results in a total adjusted offense level of 16 and guideline range of 21-27 months. The Government's recommendation is premised on this guideline calculation.

## IV. ARGUMENT

As a threshold matter, the Government agrees with the PSR's determination to not further reduce the base offense level pursuant to USSG §2K2.1(b)(2). Not applying this reduction is appropriate for several reasons. First, the Defendant possessed ammunition in conjunction with the firearms. Indeed, two of the firearms recovered – one in his vehicle and one in his nightstand – were loaded. This undermines that the Defendant solely possessed the firearms for collection or sporting purposes. Additionally, one of the firearms was recovered in a separate law enforcement investigation and was thus involved in suspected criminal activity. This further undercuts that the firearms were merely for collection. As such, the Court should overrule the Defendant's objection to the PSR on these bases.

[1] The parties stipulated to all of the guidelines except did not reach an agreement as to whether the 6-level enhancement pursuant to USSG §2K2.1(b)(2).

A low-end custodial sentence of 21 months with 3 years of supervised release to follow is appropriate in light of the nature and circumstances of the offense, the need to promote respect for the law and provide just punishment, and in light of the history and characteristics of the Defendant. 18 U.S.C. § 3553(a). Defendant, while on a DACA status, repeatedly lied on ATF purchase forms about his citizenship status to purchase firearms illegally. In total, Defendant accumulated over 124 firearms, only 70 of which the ATF recovered from his residence. On the other hand, Defendant moved expeditiously to accept responsibility for his offense and experienced a difficult upbringing in Mexico where he was exposed to the violence of the cartels. The Defendant has been successful since coming to the United States in 2003 with his parents and brother. He received his high school diploma and runs a business in Oregon. In light of all of these factors, the Government requests a low-end guideline sentence of 21 months with 3 years of supervised release to follow.

Dated: August 18, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Arin C. Heinz*
ARIN C. HEINZ, MIB #P80252
Assistant United States Attorney